IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Donald E. Cranfill, | Case No. 6:22-cv-02677-JDA |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| SC Home Builders Self Insurers Fund; Weston Griffeth, *individually and in his capacity as administrator*; Richard Balmer, *individually and in his capacity as manager*; Herb Witter, Colin Campbell, Eddie Weaver, Jim Gregorie, Keith Smith, and Tom Markovich, *individually and in their capacities as Trustees/Board Members of the SC Home Builders Self Insurers Fund*; Greenville County Sheriff's Office; Hobart Lewis, Seth Thomas Mills, Jonathan Dale Holloway, and William Doyle Brewer, *individually and in their capacities on behalf of Greenville County Sheriff's Office*, | |
| Defendants. | |

This matter is before the Court on a motion for summary judgment filed by Defendants Greenville County Sheriff's Office, Jonathan Dale Holloway, Hobart Lewis, William Doyle Brewer, and Seth Thomas Mills (collectively, the "GCSO Defendants") [Doc. 67], a motion for summary judgment filed by SC Home Builders Self Insurers Fund, Weston Griffeth, Richard Balmer, Herb Witter, Colin Campbell, Eddie Weaver, Jim Gregorie, Keith Smith, and Tom Markovich (collectively, the "Fund Defendants") [Doc. 68], and a motion to remand filed by Plaintiff [Doc. 80]. In accordance with 28

U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On January 22, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's motion to remand be denied. [Doc. 98.] On January 24, 2025, the Magistrate Judge issued two Reports recommending that both motions for summary judgment be granted. [Docs. 99; 100.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Reports and the serious consequences if they failed to do so. [Docs. 98 at 5; 99 at 18; 100 at 34.] No party has filed objections and the time to so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

2

The Court has reviewed the record in this case, the applicable law, and the Reports of the Magistrate Judge for clear error.  Having done so, the Court accepts the Reports and Recommendations of the Magistrate Judge and incorporates them by reference.  Accordingly, Plaintiff's motion to remand [Doc. 80] is DENIED, the GCSO Defendants' motion for summary judgment [Doc. 67] is GRANTED, the Fund Defendants' motion for summary judgment [Doc. 68] is GRANTED, and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

February 10, 2025
Greenville, South Carolina